UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

ARCH INSURANCE GROUP INC.,            Civil Action No.:

                          Plaintiff,

                                                     **COMPLAINT**

    -against-

GREGORY METROPOULOS,

                         Defendant.

------------------------------------------------------------------ x

       Plaintiff Arch Insurance Group Inc., by and through its undersigned counsel, as and for its Complaint against Gregory Metropoulos alleges as follows:

## THE PARTIES

       1.     Plaintiff Arch Insurance Group Inc. ("Arch") is a Delaware corporation duly authorized to do business within the State of New Jersey and the State of New York, with its principal place of business located at Harborside 3, 210 Hudson Street, Suite 300, Jersey City, New Jersey 07311.

       2.     Upon information and belief, defendant Gregory Metropoulos ("Defendant") is an individual with a principal residence at 2304 30th Drive, Astoria, New York 11102.

## JURISDICTION AND VENUE

       3.     The court has jurisdiction over the action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum of $75,000 exclusive of costs and interest, and there is complete diversity of citizenship between the parties.

       4.     The court has personal jurisdiction over the Defendant because Defendant is a New York resident and the acts complained of herein occurred in New York City.

17926870-v1

5. Venue is proper within this federal district as the Defendant worked at Arch's office at One Liberty Plaza, New York, New York, which is located in New York County.

## BACKGROUND

6. Defendant was employed by Arch from February 2014 until January 15, 2018, when Arch terminated Defendant's employment.

7. At the time of Defendant's termination of employment, Defendant was employed by Arch as a Senior Underwriter in Arch's New York City office, located at One Liberty Plaza, New York, New York.

8. Pursuant to the terms and conditions of Defendant's employment with Arch, Defendant was provided an American Express Travel Related Services Company, Inc. ("American Express") corporate credit card (the "Corporate Card").

9. Pursuant to the terms and conditions of Defendant's employment with Arch, including Arch's policy covering the Corporate Card, the Corporate Card shall only be used for business expenses and not personal charges.

10. Similarly, pursuant to the agreement between Defendant and American Express (the "Corporate Card Member Agreement"), Defendant agreed "to use the Corporate Card solely for commercial business purposes and in accordance with Company policy."

11. Pursuant to the Corporate Card Member Agreement, Defendant further agreed that Defendant is personally responsible and liable for any and all personal charges he makes on the Corporate Card.

12. In direct violation of the Arch's policy and the Corporate Card Member Agreement, Defendant repeatedly used the Corporate Card for personal charges.

13. Upon information and belief, Defendant attempted to conceal, and did conceal for many months, his personal use of the Corporate Card by designating the charges "user hidden" on Arch's expense management service.

14. In early January 2018, these issues were uncovered by Arch, at which point the total balance on the Corporate Card was over $245,000, of which approximately $65,000 was more than 60 days overdue.

15. Arch's Human Resources Department attempted to address these issues with Defendant; however, Defendant failed to cooperate with Arch.

16. Defendant's employment with Arch was terminated on January 15, 2018.

17. To date, despite numerous requests, Defendant has failed to make payments for the personal charges on the Corporate Card totaling $217,224.58.

18. Pursuant to the agreement between Arch and American Express (the "Corporate Services Commercial Account Agreement"), in the event Defendant does not make the outstanding payments, American Express will deduct such amounts from Arch.

19. Accordingly, in the event Defendant does not make the outstanding payments, Arch will suffer a loss of $217,224.58.

## FIRST CAUSE OF ACTION
### (Breach of Fiduciary Duty)

20. Arch incorporates the allegations in Paragraphs 1 through 19 of this Complaint as if set forth fully herein.

21. As a Senior Underwriter of Arch, Defendant owed fiduciary duties to Arch, including, but not limited to, a duty of loyalty.

22. Defendant breached his duties to Arch by engaging in the following conduct:

(a) Using the Corporate Card to charge hundreds of thousands of dollars for personal items;

(b) Failing to seek or obtain authorization for personal charges made to the Corporate Card;

(c) Failing to inform, and affirmatively concealing from Arch the true facts concerning charges he made on the Corporate Card;

(d) Failing and/or refusing to cooperate with and actively impeding Arch's efforts to investigate the above matters.

23. As a direct and proximate result of Defendant's breaches of his fiduciary duties, Arch has been damaged.

## SECOND CAUSE OF ACTION
### (Fraud)

24. Arch incorporates the allegations in Paragraphs 1 through 23 of this Complaint as if set forth fully herein.

25. Pursuant to Arch's policy covering the Corporate Card, the Defendant made representations to Arch that the charges that he made on the Corporate Card were for commercial business purposes and not personal charges.

26. Defendant's representations to Arch regarding the charges made on the Corporate Card were false, and he knew they were false. Defendant used the Corporate Card for his own personal use and profit.

27. Moreover, Defendant fraudulently concealed the unauthorized charges that he made using the Corporate Card.

28. Defendant made these representations knowing that Arch would rely on his representations and with the intent to induce Arch to rely on them.

29. Arch did in fact reasonably rely on these representations, not knowing that they were false and that Defendant had taken steps to conceal the truth from Arch.

30. As a direct and proximate result, Arch has been damaged.

## THIRD CAUSE OF ACTION
### (Unjust Enrichment)

31. Arch incorporates the allegations in Paragraphs 1 through 30 of this Complaint as if set forth fully herein.

32. As a result of the conduct described above, Defendant has been unjustly enriched at the expense of Arch.

33. As a direct and proximate result, Arch has been damaged.

## FOURTH CAUSE OF ACTION
### (Disgorgement for Violation of New York's Faithless Servant Doctrine)

34. Arch incorporates the allegations in Paragraphs 1 through 33 of this Complaint as if set forth fully herein.

35. Defendant's use of the Corporate Card to incur hundreds of thousands of dollars in unpaid personal charges and his efforts to conceal these personal charges constitute substantial breaches of both the terms and conditions of his employment with Arch and his fiduciary duties owed to Arch.

36. As a result of these breaches, Defendant forfeited his compensation during the period of his disloyal acts.

WHEREFORE, Plaintiff Arch Insurance Group Inc. demands judgment against Defendant Gregory Metropoulos as follows:

A. For compensatory damages to be determined at trial;
B. Disgorgement of Defendant's compensation;
C. For late charges and interest;
D. For attorneys' fees, costs and disbursements; and/or
E. For such other, further and different relief as the Court deems just and proper.

Dated: New York, New York
      May 8, 2018

PLAINTIFF,
ARCH INSURANCE GROUP INC.

By: /s/ J. Gregory Lahr
J. Gregory Lahr
Ian T. Clarke-Fisher
Robinson & Cole LLP
Chrysler East Building
666 Third Avenue, 20th Floor
New York, New York 10017
Phone: (212) 451-2900
Fax: (212) 451-2999
Email: glahr@rc.com
Email: iclarke-fisher@rc.com
Its Attorneys